1  TRINETTE G. KENT (State Bar No. 025180)
2  3219 E. Camelback Rd., #588
   Phoenix, AZ 85018
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@kentlawpc.com
5

6  Of Counsel to:
   Credit Repair Lawyers of America
7  22142 West Nine Mile Road
8  Southfield, MI 48033
   Telephone:  (248) 353-2882
9  Facsimile:  (248) 353-4840

10

11 *Attorneys for Plaintiff,*
   *Brittney Morris*

12

13             IN UNITED STATES DISTRICT COURT

14             FOR THE DISTRICT OF ARIZONA

15

16

17 Brittney Morris,                    Case No.:

18
                                       **COMPLAINT**
19           Plaintiff,

20      vs.
                                       **JURY TRIAL DEMAND**
21
   Equifax Information Solutions, LLC,
22 a foreign limited liability company;
   Experian Information Solutions, Inc.,
23 a foreign corporation;
   Trans Union, LLC,
24 a foreign limited liability company;
25 Macy's Department Stores, Inc, a foreign
   corporation;
26 Healthcare Collections-I, Inc.,
27

28
                         1

a foreign corporation; and
Credit Collection Services, Inc.,
a foreign corporation,

Defendants.

NOW COMES THE PLAINTIFF, BRITTNEY MORRIS, BY AND

THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the

Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

   City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Mesa, Maricopa County,

   Arizona.

6. The Defendants to this lawsuit are:

a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the state of Arizona;

b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the state of Arizona;

c. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the state of Arizona;

d. Macy's Department Stores, Inc. ("Macy's") is foreign corporation that conducts business in the state of Arizona;

e. Healthcare Collections-I, Inc. ("HCI") is a foreign corporation that conducts business in the state of Arizona; and

f. Credit Collection Services, Inc. ("CCS") is a foreign corporation that conducts business in the state of Arizona.

## **GENERAL ALLEGATIONS**

7. Macy's, HCI, and CCS (collectively, "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

8. Macy's and HCI are also inaccurately reporting their Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Experian credit disclosure.

9. Plaintiff no longer disputes these Errant Tradelines.

3

10. On June 4, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute."

11. On or about July 2, 2020, Plaintiff submitted a letter to Equifax and Trans Union, requesting that the credit bureaus remove the notation of "account in dispute."

12. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.  The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

13. Equifax, Trans Union, and the Furnishers did not consult the Credit Reporting Resource Guide as part of their investigation of Plaintiff's dispute.

14. Plaintiff had not received Equifax or Trans Union's investigation results. Therefore, on August 21, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union, and the Furnishers failed or refused to remove the notation of "account in dispute."

15. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit

files or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, Macy's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. Macy's negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the notation of accounts in dispute.

19. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such Tradelines.

20. As a direct and proximate cause of Macy's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Macy's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Plaintiff has a private right of action to assert claims against Macy's arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Macy's for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Macy's willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

25. Macy's willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Macy's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

6

27. Macy's is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HCI**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, HCI negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. HCI negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the notation of accounts in dispute.

7

31. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such Tradelines.

32. As a direct and proximate cause of HCI's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. HCI is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against HCI arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against HCI for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HCI**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, HCI willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

8

37. HCI willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of HCI's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. HCI is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against HCI for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCS

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Trans Union of Plaintiff's consumer dispute of the erroneous notation, CCS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

9

42. CCS negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the notation of account in dispute.

43. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such Tradeline.

44. As a direct and proximate cause CCS negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. CCS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Plaintiff has a private right of action to assert claims against CCS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against CCS for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCS**

47. Plaintiff realleges the above paragraphs as if recited verbatim.

10

48. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, CCS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

49. CCS willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of CCS willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. CCS is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against CCS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

12

58. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

61. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

62. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

63. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT X</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

73. Plaintiff realleges the above paragraphs as if recited verbatim.

15

74. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

75. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

76. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

77. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

78. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

79. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

80. Plaintiff realleges the above paragraphs as if recited verbatim.

81. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

82. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

83. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

84. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

85. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

86. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

87. Plaintiff realleges the above paragraphs as if recited verbatim.

88. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

89. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

90. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

91. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

18

92. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

93. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED:  October 30, 2020


By: _/s/  Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Brittney Morris

19